Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001287
18-MAR-2016
08:14 AM

NO. CAAP-14-0001287

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TONY ALAN WILLIAMS, Petitioner-Appellant, vs.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0065; CR. NOS. 87-0851 & 87-1589)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Petitioner-Appellant Tony Alan Williams (**Williams**) appeals from the Findings of Fact, Conclusions of Law and Order Denying Petition for Post Conviction Relief, filed on September 30, 2014, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On September 7, 1988, in Cr. No. 87-0851, Williams was convicted of two counts of Promoting a Dangerous Drug in the First Degree, two counts of Promoting a Dangerous Drug in the Second Degree, and Promoting a Detrimental Drug in the Third

---

[1] The Honorable Colette Y. Garibaldi presided.

Degree. Also on September 7, 1988, in Cr. No. 87-1589, Williams was convicted of Murder in the First Degree, Possession of Weapon by Felon, and two counts of Promoting a Dangerous Drug in the First Degree.

On February 22, 1990, in Appeal No. 13309, the supreme court affirmed Williams's convictions. The supreme court held, *inter alia*, that Williams's claim that a protective order issued by the trial court deprived him of due process, because it prohibited the release of grand jury transcripts, witness names and addresses, statements, and other documents until shortly before trial, was without merit.

On April 7, 1992, Williams filed a Petition for Post-Conviction Relief (**First Petition**), pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (**HRPP**). On April 10, 1992, Williams filed an Amended Petition for Post-Conviction Relief (**Amended First Petition**).

On May 7, 1992, the Circuit Court denied the First Petition and Amended First Petition. The Circuit Court noted that Williams did not claim ineffective assistance of appellate counsel and held that Williams's claim that "prison restrictions and a failure by his trial counsel to inform him of information which his counsel received by way of discovery prevented him from advising his counsel as to how to cross-examine witnesses," was raised or ruled upon or that Williams knowingly and understandingly failed to raise the issue on appeal.

On October 25, 1994, in Appeal No. 16151, the supreme court affirmed the denial of the First Petition and Amended First

Petition. The supreme court noted that Williams admitted that he fully apprised his appellate counsel about the issue of his administrative segregation, which he claimed precluded him from reviewing discovery material with his trial counsel during the course of trial. However, since Williams did not claim ineffective assistance of appellate counsel, the supreme court held that the issue was waived, pursuant to HRPP Rule 40(a)(3).

On October 25, 2002, Williams filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Second Petition**), pursuant to HRPP Rule 40. Williams claimed that: (1) prison officials violated his right to file an effective appeal because he was not allowed access to his case files and discovery when he was transferred to a prison in Washington; (2) prosecutors violated HRPP Rule 16(e)(4) when they failed to timely make discovery available due to a protective order issued upon the request of the prosecution; (3) the prosecution elicited or allowed uncorrected perjury from a witness, Alexander McAllister (**McAllister**); (4) trial counsel rendered ineffective assistance by (a) failing to make the jury aware that there was no evidence that his weapon was operational, (b) failing to check McAllister's alibi, (c) failing to present expert testimony that an audio or video tape did not contain his admission to murder, and (d) failing to make the jury aware that McAllister committed perjury; and (5) he received ineffective assistance of appellate counsel.

On March 19, 2003, the Circuit Court issued its Findings of Fact, Conclusions of Law and Order Denying Petition

to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, which denied the Second Petition.

On November 15, 2004, in Appeal No. 25742, this court affirmed the denial of the Second Petition because the Second Petition did not present any new claims, and the issues were previously raised and ruled upon, waived, or had no merit.

On December 13, 2011, Williams filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Third Petition**), pursuant to HRPP Rule 40. Williams claimed that his rights to equal protection and due process were violated, and his right to file an appeal was violated because he was kept from reviewing discovery as a pre-trial detainee due to a protective order issued pursuant to HRPP Rule 16(e)(4). Williams also claimed that even after his conviction, he was not allowed to review the discovery because he was transferred to the State of Washington. Williams admitted, however, that the State turned over discovery to him on August 1, 2000.

On September 30, 2014, the Circuit Court issued its Findings of Fact, Conclusions of Law and Order Denying Petition for Post-Conviction Relief, which denied the Third Petition. The Circuit Court held that Williams's claims regarding access to discovery and transport to the State of Washington were raised in the First and Second Petitions, denied, and the denials were affirmed on appeal. The Circuit Court also noted that, if Williams was denied access to discovery until August 1, 2000, he had the discovery prior to filing his Second Petition in 2002.

4

On appeal, Williams again claims that untimely disclosure of discovery due to a protective order, perjury by McAllister, and withholding of discovery until August 1, 2000, denied him the right to an appeal or to collaterally attack his convictions.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Williams's points of error as follows:

The issue of whether discovery was properly withheld due to a protective order was raised and ruled upon in Williams's direct appeal in Appel No. 13309. The issue of perjured testimony by McAllister was raised and ruled upon in the Second Petition. Williams admitted that discovery was made available to him on August 1, 2000, well before he filed his Second Petition in 2002. Williams raised claims in his Second Petition relating to his transportation to Washington and his receipt of discovery in August 2000 that were ruled upon in the Second Petition. To the extent that Williams raises additional claims relating to his lack of access to discovery materials until August 2000, he failed to prove the existence of extraordinary circumstances to justify his failure to raise such claims in the Second Petition. Therefore, relief pursuant to HRPP Rule 40 is unavailable. HRPP Rule 40(a)(3).

Accordingly, we affirm the Circuit Court's September 30, 2014 Findings of Fact, Conclusions of Law and Order Denying [Third] Petition for Post-Conviction Relief.

DATED: Honolulu, Hawai'i, March 18, 2016.

On the briefs:

Tony Alan Williams,
Petitioner-Appellant.

Lisa M. Itomura,
Diane K. Taira,
Deputy Attorneys General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge